UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGERS FLYNN,
an individual,

        Plaintiff,                      Case No. 2025-CV

vs.

JENNIFER OGDEN,
individually,

ARDEN REIST,
individually,

and

CRAIG LONG,
individually,

        Defendants,

| |  |
|---|---|
| William F. Piper (P38636) <br> William F. Piper, P.L.C. <br> 9848 Portage Rd. <br> Portage, MI 49002 <br> Phone: (269) 321-5008 <br> Fax: (269) 321-5009 <br> E-mail: wpiper@wpiperlaw.com <br> legal@wpiperlaw.com | |

## **COMPLAINT**

The Plaintiff Rogers Flynn, by and through his attorney William F. Piper, PLC, for his complaint, states as follows.

## **JURISDICTIONAL ALLEGATIONS**

1.    The plaintiff Rogers Flynn is an African-American man who resides in the City of Battle Creek, State of Michigan, and he resided therein at all times relevant to this complaint.

1

2.      The defendants are white people who at all times relevant to this complaint were police officers employed by the City of Battle Creek Police Department.

3.      The events complained of occurred on June 25, 2024 in the City of Battle Creek, County of Calhoun, State of Michigan.

4.      The events complained of were committed under color of state law but not under a legitimate exercise of governmental authority.

5.      Jurisdiction of this court arises under 28 USC § 1331 and 28 USC §1337.

6.      The claims in this case arise under 42 USC § 1983.

7.      Certain of the claims alleged herein arise under this court's supplemental jurisdiction to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8.      The plaintiff restates and realleges as though set fully set forth herein paragraphs 1-7 of this complaint.

9.      On June 25, 2024 the defendant Ogden arrived near Mr. Flynn's residence at 51 Mott Street in the City of Battle Creek.

10.     Mr. Flynn was in his front yard sitting on his motorcycle.

11.     The defendant Ogden then demanded that Mr. Flynn show her his identification.

12.     Mr. Flynn then asked her why she was demanding that.

13.     The defendant Ogden indicated that she needed it to "bar" Mr. Flynn from a neighbor's property.

14.     Mr. Flynn then indicated that he had not been near the neighbor's property.

2

15.    Mr. Flynn further indicated that he did not have to show her his identification because he had not broken any laws.

16.    The defendant Ogden again demanded that Mr. Flynn produce his identification to her.

17.    Mr. Flynn again stated that since he had not committed any crime, he was not obliged to produce his identification to her.

18.    The defendant Ogden then told Mr. Flynn that the crime he was committing was hindering and opposing for not providing her his identification.

19.    The defendant Ogden then called for backup officers.

20.    The defendant then told Mr. Flynn that he was being detained, but she was actually arresting him.

21.    After the defendants Ogden, Long, and Reist handcuffed Mr. Flynn, the defendants Long and Reist searched his pocket, removed his wallet and other items, and looked inside the wallet, despite Mr. Flynn having told them prior to the searches that he did not consent.

22.    The defendants then placed Mr. Flynn, who was still in handcuffs, into a police cruiser.

23.    The defendant Ogden, after discussing it with the other defendants, issued a hindering and opposing misdemeanor ticket against Mr. Flynn.

24.    The criminal charge against Mr. Flynn was eventually dismissed.

25.    As a result of the incidents described above the plaintiff has suffered and will continue to suffer shock, humiliation, embarrassment, fear, emotional distress, physical pain, inconvenience, a loss of enjoyment of life, a loss of self-esteem and other damages.

## COUNT I – FIRST, FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

26.    The plaintiff restates and realleges as though set fully set forth herein paragraphs 1- 25 of this complaint.

27.    It was clearly established on June 25, 2024 that an officer cannot arrest and prosecute an individual without probable cause that the individual has committed a crime, and or officer cannot arrest and prosecute a person for protesting illegal police conduct.

28.    It was also clearly established that a police officer cannot arrest an individual for conduct that is not a violation of the law.

29.    It was also clearly established that an officer cannot search an individual without probable cause or another constitutionally valid reason to do so.

30.    It is also clearly established that an officer cannot use force against an individual to detain or to arrest him when there are no reasonable grounds to do so.

31.    It is also clearly established that an officer has to stop the unconstitutional acts of another officer.

32.    The defendant Ogden arrested, caused a search, and caused a prosecution of Mr. Flynn because he refused to show her his identification on demand when there were no reasonable grounds detain, arrest, or prosecute him for that, because there was no law requiring Mr. Flynn to show his identification upon demand.

33.    The defendants could not reasonably have believed that their acts described above were within the constitutional limitations on the exercise of their authority under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

34.    The defendants' conduct violated the clearly established constitutional rights of Mr. Flynn described above.

35.    As a result of the unconstitutional acts described above, Mr. Flynn has suffered and will continue to suffer the damages set forth above.

36.    These claims are actionable under 42 U.S.C. § 1983.

5

**WHEREFORE,** the plaintiff Rogers Flynn requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages plus punitive damages, all recoverable interest, costs, attorney's fees, and any other relief this Court deems fair and just.

<strong><u>COUNT II – INTENTIONAL TORTS</u></strong>

37.   The plaintiff restates and realleges as though set fully set forth herein paragraphs 1-36 of this complaint.

46.   The actions of the defendants described above constitute a false arrest, a battery and a false imprisonment.

47.   As a result of the actions described above the plaintiff has suffered the damages set forth above.

**WHEREFORE,** the plaintiff Rogers Flynn requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages plus all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

Dated: April 24, 2025                    WILLIAM F. PIPER, PLC.
                                         Attorney for Plaintiff

                                         By: */s/ William F. Piper*
                                              William F. Piper (P38636)
                                         BUSINESS ADDRESS:
                                              9848 Portage Rd.
                                              Portage, MI 49002
                                              (269) 321-5008

5