UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGERS FLYNN,

     Plaintiff,

                           Case No. 1:25-cv-499

v.

                           HON. JANE M. BECKERING

JENNIFER OGDEN, et al.,

     Defendants.

_____/

## OPINION AND ORDER

Plaintiff Rogers Flynn initiated this lawsuit against three Battle Creek Police Department officers:  Defendants Jennifer Ogden, Andrew Reist, and Craig Long.  He alleges constitutional violations under 42 U.S.C. § 1983 (Count I) and state-law claims (Count II) arising from his arrest on June 25, 2024.  Now pending before the Court is Defendants' Motion to Dismiss (ECF No. 12).  For the following reasons, the Court grants the motion as to Count I and declines to exercise supplemental jurisdiction over the state-law claims in Count II.

### I.  BACKGROUND

#### A.  Plaintiff's Factual Allegations

Plaintiff supplies the following sixteen scant factual allegations in his First Amended Complaint to describe the incident giving rise to his claims:

> 9.      On June 25, 2024 the defendant Ogden arrived near Mr. Flynn's residence at 51 Mott Street in the City of Battle Creek.

> 10.     Mr. Flynn was in his front yard sitting on his motorcycle.

11. The defendant Ogden then demanded that Mr. Flynn show her his identification.

12. Mr. Flynn then asked her why she was demanding that.

13. The defendant Ogden indicated that she needed it to "bar" Mr. Flynn from a neighbor's property.

14. Mr. Flynn then indicated that he had not been near the neighbor's property.

15. Mr. Flynn further indicated that he did not have to show her his identification because he had not broken any laws.

16. The defendant Ogden again demanded that Mr. Flynn produce his identification to her.

17. Mr. Flynn again stated that since he had not committed any crime, he was not obliged to produce his identification to her.

18. The defendant Ogden then told Mr. Flynn that the crime he was committing was hindering and opposing for not providing her his identification.

19. The defendant Ogden then called for backup officers.

20. The defendant then told Mr. Flynn that he was being detained, but she was actually arresting him.

21. After the defendants Ogden, Long, and Reist handcuffed Mr. Flynn, the defendants Long and Reist searched his pocket, removed his wallet and other items, and looked inside the wallet, despite Mr. Flynn having told them prior to the searches that he did not consent.

22. The defendants then placed Mr. Flynn, who was still in handcuffs, into a police cruiser.

23. The defendant Ogden, after discussing it with the other defendants, issued a hindering and opposing misdemeanor ticket against Mr. Flynn.

24. The criminal charge against Mr. Flynn was eventually dismissed.

("Common Allegations," First Am. Compl. [FAC], ECF No. 5 at PageID.16–17).

### B.  Procedural Posture

Plaintiff initiated this case on May 1, 2025 with the filing of a Complaint against *Arden* Reist and Defendants Ogden and Long (ECF No. 1).  In the 5-page document, he alleged "First, Fourth and Fourteenth Amendment Violations" (Count I) and "Intentional Torts" (Count II) (ECF No. 1).  On June 10, 2025, Plaintiff filed a First Amended Complaint against *Andrew* Reist and Defendants Ogden and Long, alleging the same two omnibus claims (ECF No. 5).

In lieu of answering the First Amended Complaint, Defendants filed the pending Motion to Dismiss (ECF No. 12).  Defendants attached to their motion the video footage from Defendant Ogden's body worn camera (ECF No. 12-1).  Plaintiff filed a Response in opposition to the motion (ECF No. 14).  He attached to his response certain correspondence from the Battle Creek Police Department to Plaintiff in August 2024, Defendant Ogden's incident/investigation report, and Plaintiff's own affidavit (ECF Nos. 14-1, 14-2, & 14-3).  Defendants filed a Reply (ECF No. 16). Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues presented.  *See* W.D. Mich. LCivR 7.2(d).

## II.  ANALYSIS

### A.  Motion Standard

Federal Rule of Civil Procedure Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Rule 12(b)(6), in turn, authorizes the court to dismiss a claim for relief in any pleading if it "fail[s] to state a claim upon which relief can be granted[.]"  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a complaint must present "enough facts to state a claim to relief that is plausible on its

3

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' … it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In deciding a motion to dismiss for failure to state a claim, the court must construe a complaint in the light most favorable to the non-movant and accept all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss for failure to state a claim, a court does not generally consider matters outside the pleadings. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *see also* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are

---

[1] In his response brief, Plaintiff incorrectly relies on the old "no-set-of-facts" motion standard from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). *See* ECF No. 14 at PageID.72, citing *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1101 (6th Cir. 1995) ("This Court must … determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief.") (quoting *Conley*, *supra*)). In its 2007 decision in *Twombly*, the Supreme Court "retire[d]" that standard. *See Twombly*, 550 U.S. at 562–63 (indicating that *Conley's* "no set of facts" language "has been questioned, criticized, and explained away long enough," and is "best forgotten"); *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 629 (6th Cir. 2009) (acknowledging that the Supreme Court "raised the bar for pleading requirements beyond the old 'no -set-of-facts' standard of *Conley*").

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."), and *Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 688 (6th Cir. 2024) ("Faced with matters outside the pleadings, district courts have 'complete discretion' to accept them (and treat the motion as one for summary judgment) or ignore them (and treat the motion as one to dismiss).") (internal citations omitted).  The Court declines to consider the evidence attached to Plaintiff's response in assessing the sufficiency of the allegations in his First Amended Complaint.

The Court also declines to consider the video footage that Defendants submitted.  Where a camera has captured the events in question and the video footage is clear, a court resolving a motion to dismiss may rely on the video over the allegations in the complaint where the video "blatantly contradicts" or "utterly discredits" the plaintiff's version of events.  *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022) (opining that considering video evidence at the motion-to-dismiss stage "honors" the principles of the doctrine of qualified immunity).  *See also Eastep v. City of Nashville, Tennessee*, 156 F.4th 819, 826 (6th Cir. 2025) (applying *Bell*).  The vast majority of the nearly 27-minute video footage created by the body camera worn by Defendant Ogden does not concern Plaintiff's arrest—the core of the factual allegations before the Court— and instead captures Defendant Ogden's conversations with Plaintiff's neighbor and her communications while seated in her patrol car.  And the portion of footage that captures Plaintiff's arrest does not "blatantly contradict" or "utterly discredit" Plaintiff's sparse narration.  The footage certainly provides additional factual context for the parties' encounter, but the Sixth Circuit has instructed that "even if available video evidence would save 'time and effort' or would 'easily resolve a case,' [district courts] may not consider it at the motion-to-dismiss stage if it does not blatantly contradict or utterly undermine the complaint."  *Hodges v. City of Grand Rapids*, 139

F.4th 495, 510 (6th Cir. 2025) (citing *Bell*, *supra*).  "The fact that videos will likely be dispositive evidence at summary judgment or trial does not mean [courts] have the authority to conduct a detailed analysis [at the Rule 12 stage]."  *Romero v. City of Lansing, Michigan*, 159 F.4th 1002, 1008 (6th Cir. 2025).

### B.  Plaintiff's Federal Claims (Count I)

The Court turns first to Plaintiff's claims under federal law—the "First, Fourth and Fourteenth Amendment Violations" (Count I) brought under 42 U.S.C. § 1983—as these claims form the basis of this Court's original jurisdiction over the subject matter of this case.  *See* 28 U.S.C. § 1331.  In its entirety, Plaintiff's § 1983 claim consists of ten paragraphs.  He devotes half to general statements about rights that he alleges are clearly established, as follows:

27.    It was clearly established on June 25, 2024 that an officer cannot arrest and prosecute an individual without probable cause that the individual has committed a crime, and or officer cannot arrest and prosecute a person for protesting illegal police conduct.

28.    It was also clearly established that a police officer cannot arrest an individual for conduct that is not a violation of the law.

29.    It was also clearly established that an officer cannot search an individual without probable cause or another constitutionally valid reason to do so.

30.    It is also clearly established that an officer cannot use force against an individual to detain or to arrest him when there are no reasonable grounds to do so.

31.    It is also clearly established that an officer has to stop the unconstitutional acts of another officer.

He supplies three case-specific paragraphs, as follows:

32.    The defendant Ogden arrested, caused a search, and caused a prosecution of Mr. Flynn because he refused to show her his identification on demand when there were no reasonable grounds [to] detain, arrest, or prosecute him for that, because there was no law requiring Mr. Flynn to show his identification upon demand.

6

33. The defendants could not reasonably have believed that their acts described above were within the constitutional limitations on the exercise of their authority under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

34. The defendants' conduct violated the clearly established constitutional rights of Mr. Flynn described above.

(ECF No. 5 at PageID.18–19). Based on these allegations, Plaintiff alleges that he has suffered "damages" and that his claims are "actionable" under § 1983 (*id.* ¶¶ 35–36).

Section 1983 makes liable every person who under color of state law "subjects, or causes to be subjected," another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. Section 1983 does not confer substantive rights but merely provides a statutory vehicle for vindicating constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1160 (6th Cir. 2021). To bring a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (citation omitted). A court's threshold inquiry under § 1983 is always to identify the specific constitutional right at issue. *Dibrell, supra.* Once the right is identified, the court must then consider the statutory "elements of, and rules associated with, an action seeking damages for its violation" under § 1983. *Id.*

Despite the paucity of Plaintiff's allegations, the Court has, consistent with the parties' briefing in this case, construed Plaintiff's allegations as presenting the following three § 1983

claims in violation of the Fourth and Fourteenth[2] Amendments: (1) unlawful arrest, (2) malicious prosecution, and (3) excessive force.

Defendants raise the defense of qualified immunity to the three § 1983 claims against them. Plaintiff challenges "the entire basis for this defense," which he characterizes as a "judicially created doctrine not contained in the text of the 42 U.S.C. § 1983" (ECF No. 14 at PageID.73), but this Court is bound by the caselaw of the Supreme Court and the Sixth Circuit setting forth the qualified immunity exception, which limits a plaintiff's ability to go forward on a § 1983 claim against an officer.  Specifically, "[q]ualified immunity shields 'government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Shumate v. City of Adrian, Mich.*, 44 F.4th 427, 439 (6th Cir. 2022) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The United States Supreme Court has held that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before* the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added).  *See also Myers v. City of Centerville*, 41 F.4th 746, 758 (6th Cir. 2022) (instructing that district courts have a "duty" to address qualified immunity when it is "properly raised prior to discovery") (citation omitted).

At the pleadings stage, a defendant is not entitled to qualified immunity "if (1) 'the facts alleged make out a violation of a constitutional right' and (2) that right 'was clearly established

---

[2] The Court's analysis focuses on the Fourth and Fourteenth Amendments inasmuch as Plaintiff's reference to the First Amendment in the title to Count I is not tethered to any factual development in his pleading.  Rather than elucidate the solitary reference to the First Amendment, Plaintiff's response to Defendants' motion muddies the waters.  Plaintiff indicates in his response brief that he "will not pursue his First Amendment retaliation claim" (ECF No. 14 at PageID.82), but the word "retaliation" is not present in his pleading.

when the event occurred so that a reasonable offic[ial] would have known that his conduct violated it.'" *Myers*, 41 F.4th at 758 (quoting *Crawford v. Tilley*, 15 F.4th 752, 762–63 (6th Cir. 2021)). Courts may address these two prongs in either order. *Pearson*, 555 U.S. at 236. "[I]f the complaint fails to allege facts plausibly showing the violation of a constitutional right (regardless of whether that right was clearly established), granting qualified immunity is appropriate on the pleadings." *Myers*, 41 F.4th at 759. While "a plaintiff is generally not required to negate an affirmative defense [like qualified immunity] in a complaint[,] ... the validity of such defenses may be apparent from the face of the complaint, rendering a [Rule 12] motion appropriate." *Crawford*, 15 F.4th at 763.

Last, "it is well-settled that qualified immunity must be assessed in the context of each individual's specific conduct." *Hopper v. Phil Plummer*, 887 F.3d 744, 756 (6th Cir. 2018) (citation omitted). "[T]o establish liability and to overcome a qualified immunity defense, an individual must show that his or her own rights were violated, and that the violation was committed personally by the defendant." *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (emphases omitted).

1.    Unlawful Arrest

Turning first to Plaintiff's unlawful arrest claim in Count I, Defendants argue that this claim is properly dismissed under Rule 12 because Plaintiff makes no allegations that Defendant Ogden lacked probable cause to arrest him or that his arrest was otherwise unlawful (ECF No. 12 at PageID.45–47). According to Defendants, even Plaintiff's sparse allegations demonstrate that Plaintiff could not plausibly make such an allegation where Plaintiff refused to identify himself by name when requested by Defendant Ogden in the course of her investigation of his neighbor's complaints (*id.* at PageID.44–45, referencing FAC ¶¶ 11–13).

In response, Plaintiff argues that Defendant Ogden lacked probable cause to arrest him for trespassing or any crime (ECF No. 14 at PageID.75–78). Plaintiff emphasizes that Defendant Ogden detained and arrested him for "failing to produce his identification, not for failing to tell her his name" (*id.* at PageID.78–82).

Defendants' argument for dismissal has merit.

"'A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff.'" *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) (citation omitted). Accordingly, "[p]robable cause is a defense to false arrest." *Webb v. United States*, 789 F.3d 647, 666 (6th Cir. 2015). "An officer has probable cause to arrest a suspect when the 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Barrera v. City of Mount Pleasant*, 12 F.4th 617, 620 (6th Cir. 2021) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

In his Common Allegations, Plaintiff alleges that "[D]efendant [Ogden] arrest[ed] him" and "issued a hindering and opposing misdemeanor ticket" (FAC ¶¶ 20, 23). And Plaintiff amasses several disparate legal concepts in his additional allegation in Count I that "[D]efendant Ogden arrested, caused a search, and caused a prosecution of Mr. Flynn because he refused to show her his identification on demand when there were no reasonable grounds [to] detain, arrest, or prosecute him for that, because there was no law requiring Mr. Flynn to show his identification upon demand" (*id.* ¶ 32).

The City of Battle Creek makes it a misdemeanor for a person to "refuse to identify himself or herself by name and date of birth, when requested by a police officer, where the officer has

10

encountered the person under circumstances which reasonably indicate to the officer that the person has committed, is committing, or is about to commit a violation of a local, State, or Federal law" (Battle Creek Ordinance § 618.30 (Hindering or Opposing), ECF No. 12-2).

Plaintiff does not allege anywhere in his First Amended Complaint that Defendant Ogden arrested him without probable cause.  The phrase "probable cause" appears only in his general statements of law about unlawful arrest and malicious prosecution claims.  *See* FAC ¶¶ 27, 29. The Sixth Circuit has held that "[w]ithout facts going to this 'crucial question,' *Draper v. United States*, 358 U.S. 307, 310 (1959), … plaintiffs cannot state a Fourth Amendment § 1983 claim against anyone, … because they have not alleged a violation of their rights." *Graves v. Mahoning Cnty.*, 821 F.3d 772, 776 (6th Cir. 2016) (affirming the district court's dismissal of the plaintiffs' claim under Rule 12(b)(6) where their complaint failed to allege that they were arrested without probable cause).  While Plaintiff now queries in briefing whether the form of identification that Defendant Ogden allegedly required (physical identification versus oral identification) falls outside the ambit of the city ordinance, plaintiffs cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

It is particularly unclear from Plaintiff's pleading how either Defendant Long or Reist are plausibly liable for an unlawful-arrest claim.  As indicated, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "Summary reference to a single, [three]-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citations omitted).

11

The allegations in Plaintiff's Count I have not "shown" that he is entitled to relief.  *See Iqbal*, 556 U.S. at 679.  "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678–79.  For these reasons, Plaintiff fails to state a plausible false-arrest claim in Count I against any Defendant.[3]

2.    Malicious Prosecution

Next, Defendants argue that to the extent Plaintiff intends to include a malicious-prosecution claim in Count I, his First Amended Complaint is devoid of any factual allegations to establish any of the required elements for such a claim (ECF No. 12 at PageID.52–53).  Defendants also assert that "no *actual* proceedings took place" (*id.* at PageID.53).

In response, Plaintiff recites the elements of a malicious-prosecution claim and contends, via reference to evidence outside the pleadings, that "the prosecution had bee [sic] initiated" (ECF No. 14 at PageID.82).

Defendants' argument for dismissal has merit.

The tort of malicious prosecution is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process."  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)).  To succeed on a malicious-prosecution

---

[3] Perceiving that Plaintiff's "vague references" to other "clearly established" constitutional rights did not constitute an attempt to state any other claims (ECF No. 12 at PageID.53), Defendants did not address any unlawful-search claim in their motion.  In his response brief, Plaintiff does not separately address such claim, other than to indicate that "if the arrest was illegal, the search was illegal as well" (ECF No. 14 at PageID.82).  The Court declines to further address this jettisoned theory.  *See generally Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022) ("We should not require district judges to be legal alchemists, turning one claim into another, to avoid reversal on appeal.").

claim under § 1983, a plaintiff must show (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "there was a lack of probable cause for the criminal prosecution"; (3) because of the proceeding, "the plaintiff suffered a deprivation of liberty," as defined by the Fourth Amendment, "apart from the initial seizure"; and (4) "the criminal proceeding must have been resolved in the plaintiff's favor." *Id.* at 308–09.

Plaintiff's pleading fails on the first element. Assuming arguendo that a prosecution was initiated then dismissed in this case, Plaintiff does not allege in his First Amended Complaint any facts showing that Defendant Ogden made, influenced, or participated in the decision to prosecute. Plaintiff simply alleges, without elaboration, that "[D]efendant Ogden … caused a prosecution of Mr. Flynn" (FAC ¶ 32). There is no correlative reference to Defendants Long or Reist. Plaintiff's vague allegation of malicious prosecution permits the Court to infer nothing more than "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Therefore, any malicious-prosecution claim within Count I is properly dismissed.

### 3.    Excessive Force

Perceiving that Plaintiff's "vague references" to other "clearly established" constitutional rights did not constitute an attempt to state any other claims (ECF No. 12 at PageID.53), Defendants did not address any excessive-force claim in their motion. However, Plaintiff, in his response, contends, without elaboration, that an excessive force claim is "actionable" in this case (ECF No. 14 at PageID.83).

In their reply brief, Defendants argue that Plaintiff's factual allegations do not state a plausible excessive-force claim where a minimal use of force to handcuff someone, even when used to make a false arrest, is not excessive (ECF No. 16 at PageID.106, citing *Gray v. Shelby*

*Cnty., Tenn.*, No. 22-5542, 2023 WL 5237373, at *6 (6th Cir. Aug. 15, 2023) (indicating that courts must "analyze the excessive force claim without regard to whether the arrest itself was justified") (citation omitted)).

Defendants' argument for dismissal has merit.

Using excessive force during an arrest is unreasonable and violates the Fourth Amendment. *Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). "But a police officer who uses excessive force can be held personally liable only if the use of force was clearly established as excessive at the time of the arrest." *Id.* (citing *Pearson*, 555 U.S. at 231). "[O]n a motion to dismiss, the question for the court is whether the plaintiff has plausibly alleged that the defendant violated a clearly established constitutional right." *Hodges*, 139 F.4th at 504.

Here, Plaintiff alleges in the "Common Allegations" of his First Amended Complaint only that "[D]efendants Ogden, Long, and Reist handcuffed Mr. Flynn" (FAC ¶ 21). The phrase "excessive force," let alone the word "excessive," does not even appear in Count I. Plaintiff's bald allegation permits the Court to infer nothing more than "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Any excessive-force claim within Count I is therefore properly dismissed.

In sum, Count I, in its entirety, is properly dismissed.

### 4. Dismissal with Prejudice

Defendants request that this Court dismiss Plaintiff's claims with prejudice (ECF No. 12 at PageID.30, 37, 47, 51, 63; ECF No. 16 at PageID.108). "Ordinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects." *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011). But "[t]here are

14

important procedural requirements to follow," including "a formal motion to amend." *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019). "[I]t is not the district court's role to initiate amendments." *Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *4 (6th Cir. June 17, 2022) (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008)).

Plaintiff already utilized his opportunity to amend his original Complaint to name the proper defendant, and he has not filed a motion for leave to amend nor supplied a proposed second amended complaint for the Court's review. *See* W.D. Mich. LCivR 5.7(f) (requiring a movant's proposed document to be "attached as an exhibit to the motion seeking leave to file"). Consequently, the Court agrees that dismissal of the federal claims in Count I of Plaintiff's First Amended Complaint with prejudice is appropriate. *See*, *e.g.*, *Crosby, supra* at 627–28 ("[I]f a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.") (citation omitted); *Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 624 (6th Cir. 2021) (holding that a district court does not abuse its discretion in dismissing an amended complaint with prejudice where a plaintiff never moves for leave to file a second amended complaint); *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 425 (6th Cir. 2013) ("A district court does not abuse its discretion if it denies a plaintiff permission to amend his complaint without reason when the plaintiff has already amended once and then subsequently fails to file a proper motion justifying another amendment.").

### C.  Plaintiff's State-Law Claims (Count II)

Having dismissed the federal claims in Count I, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims in Count II and therefore makes no assessment of their merits. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may

decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(3) the district court has dismissed all claims over which it has original jurisdiction"); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims...."). *See, e.g., Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("Upon dismissing Brooks' federal claims, the district court properly declined to exercise supplemental jurisdiction over Brooks' remaining state-law claims.").

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is GRANTED IN PART as to Count I, which is DISMISSED WITH PREJUDICE, and the motion is DISMISSED AS MOOT as to Count II.[4]

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state-law claims in Count II, which is DISMISSED WITHOUT PREJUDICE.

Because this Opinion and Order resolves all pending claims, the Court will also enter a Judgment to close this case.  *See* FED. R. CIV. P. 58.

Dated:  February 13, 2026

        /s/ Jane M. Beckering
        JANE M. BECKERING
        United States District Judge

---

[4] Defendants also request that this Court "consider" sanctioning Plaintiff for filing a pleading containing "nebulous allegations" and lacking in "substance" (ECF No. 14 at PageID.63), but the Court declines to address the topic of sanctions without a proper motion and full briefing.